UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARICE MARVIN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:25-cv-1486-GMB |
| THE WATER WORKS BOARD OF THE CITY OF BIRMINGHAM, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Darice Marvin filed a complaint alleging violations of Title VII of the Civil Rights Act ("Title VII") by her former employer, Defendant The Water Works Board of the City of Birmingham. Doc. 1.  Before the court is Defendant's Motion to Dismiss Plaintiff's Retaliation Claim. Doc. 5.  The motion is fully briefed (Docs. 5, 12 & 13) and ripe for decision.  For the following reasons, the partial motion to dismiss is due to be granted.

### I. STANDARD OF REVIEW

The Water Works Board moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes the dismissal of all or some of the claims in a complaint if the allegations fail to state a claim upon which relief may be granted.  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," which is

designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The court assumes that the factual allegations in the complaint are true and gives the plaintiff the benefit of all reasonable factual inferences. *Hazewood v. Foundation Fin. Grp.*, LLC, 551 F.3d 1223, 1224 (11th Cir. 2008).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").  Nor is it proper to assume that a plaintiff can prove facts she has not alleged or that the defendants have violated the law in ways that have not been alleged. *Twombly*, 550 U.S. at 563 n.8 (citing *Assoc. Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)).

## II.  RELEVANT STATEMENT OF FACTS

According to the allegations of the complaint, Marvin began her employment with the Water Works Board as a temporary employee on July 27, 2023. Doc. 1 at 3.  She alleges that her manager, Platon Crowell, began sexually harassing her beginning on October 12, 2023. Doc. 1 at 3, 4–6.  Marvin reported Crowell's actions on October 30, 2023, but "nothing was done to prevent future harassment." Doc. 1

at 6. The Water Works Board terminated her employment on December 28, 2023. Doc. 1 at 3, 7. Based on these allegations, Marvin alleges claims for hostile work environment and retaliation. Doc. 1 at 4–10.

Marvin filed her charge with the Equal Employment Opportunity Commission ("EEOC") on January 8, 2024. Doc. 1. at 2–3; Doc. 5-1. She checked the box on the form for sex discrimination, but not the box for retaliation. Doc. 5-1 at 2. The factual basis for her charge included her allegations of sexual harassment by Crowell. Doc. 5-1 at 5–8. She alleged that she "reported the sexual harassment by Platon to Birmingham Water Works Human Resources on or around October 30, 2023, to Human Resources Manager Paul Lloyd, but Platon has not faced any consequences." Doc. 5-1 at 8. She ended her summary with the statement, "I believe I have been subjected to hostile work environment based on sex, in violation of Title VII of the Civil Rights Act of 1964." Doc. 5-1 at 8.

### III. DISCUSSION

Before filing suit under Title VII, a plaintiff must exhaust her available administrative remedies by filing a charge with the EEOC. *See E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002). "The purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Gregory v. Ga.*

*Dept. of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983)). "In light of th[is] purpose . . . a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory*, 355 F.3d 1277, 1280 (11th Cir. 2004) (internal quotation and citation omitted).

This being said, the district courts should be "reluctant to allow procedural technicalities to bar claims brought under [Title VII]." *Id*. (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460–61 (5th Cir. 1970)). For this reason, the Eleventh Circuit has observed that "'the scope of an EEOC complaint should not be strictly interpreted.'" *Gregory*, 355 F.3d at 1280 (quoting *Sanchez*, 431 F.2d at 465). Even with such liberal construction, "a plaintiff is precluded from raising allegations in a civil action unless they are reasonably related to the underlying charges raised before the EEOC." *Price v. M & H Valve Co.*, 177 F. App'x 1, 14 (11th Cir. 2006). In other words, a plaintiff may raise claims in a civil action if they "'amplify, clarify, or more clearly focus' the allegations in the EEOC charge" but may not raise claims that allege new acts of discrimination. *Id*. (quoting *Gregory*, 355 F.3d at 1279).

Here, Marvin's retaliation claim is not reasonably related to the hostile work environment allegations in her EEOC charge. The facts in her charge relate only to her supervisor's alleged harassment. *See* Doc. 5-1 at 5–8. When given the

opportunity to state whether she intended to allege retaliation, she did not check the corresponding box on her EEOC form complaint. Doc. 5-1 at 2.  In fact, she did not even mention her termination in her EEOC charge even though it occurred a few weeks before she filed the charge.[1]  And while she did state in the charge that she reported the alleged harassment (Doc. 5-1 at 8), there is nothing that would have led an EEOC investigator to suspect that Marvin believed she suffered retaliatory actions as a result of this report.  Marvin had a full and fair opportunity to state a general factual basis for her retaliation claim.  She failed to do so.  This claim is unexhausted and due to be dismissed.

## IV.  CONCLUSION

For these reasons, it is ORDERED that the Motion to Dismiss Plaintiff's Retaliation Claim (Doc. 5) is GRANTED.

DONE and ORDERED on November 12, 2025.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent relevant here, it appears that Marvin was represented by counsel at the EEOC level since the EEOC copied her current counsel on its right-to-sue letter. *See* Doc. 1-1 at 2.